**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In re:

MARK H. EDELSBERG.,

        Debtor.

Chapter 7

Case No. 09-14769(MS)

**HEARING DATE:**
December 21, 2009 at 10:00 a.m.

Order Filed on by Clerk U.S. Bankruptcy Court District of New Jersey

**ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 and 6004 (1) AUTHORIZING THE CHAPTER 7 TRUSTEE TO SELL CERTAIN OF DEBTOR'S REAL ESTATE FREE AND CLEAR OF INTERESTS, CLAIMS, ENCUMBRANCES AND LIENS SUBJECT TO HIGHER AND BETTER OFFERS; (2) APPROVING THE SALE OF SUCH ASSETS; (3) APPROVING THE FORM OF THE AGREEMENT OF SALE; (4) WAIVING THE 10 DAY PERIOD PURSUANT TO FED. R. BANKR. P. 6004(h) UPON APPROVAL OF THE SALE; AND (5) FOR RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED.**

**DATED: 12/23/2009**

Honorable Morris Stern
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | Mark H. Edelsberg |
| Case No: | 09-14769 |
| Caption of Order: | Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief. |
| Page: | 2 |

THIS MATTER having been opened to the Court upon the motion of the Eric R. Perkins, Esq., Chapter 7 Trustee (the "Trustee") for the estate of Mark H. Edelsberg ("Debtor"), by and through his counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, for entry of an order pursuant to pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), attached hereto as Exhibit A, subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief as set forth herein (the "Motion"); and it appearing that notice of the Motion as it pertains to the entry of this order was good and sufficient under the circumstances and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed the Motion and any objections thereto, and having heard the arguments of counsel in support of the relief requested at a hearing before the Court, if any; and it appearing that entry of this Order is in the best interest of the Debtor and its estate, creditors and other stakeholders; and upon the Motion and the record of the Hearing; and after due deliberation and good cause appearing therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:

*Approved by Judge Morris Stern December 23, 2009*

| | |
|---|---|
| Debtor: | Mark H. Edelsberg |
| Case No: | 09-14769 |
| Caption of Order: | Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief. |
| Page: | 3 |

1. The Trustee is authorized to sell his rights, title and interest in Debtor's real estate located at 5388 Hamilton Point, Richmond, Ontario County, New York, 14471 (the "Property"), free and clear of all interests, claims, encumbrances and liens with any such interests, claims, encumbrances and liens to attach to the proceeds of the Property in the order of their priority, with the same validity, force and effect that they now have as against the Debtors' assets, subject to the rights, claims, defenses and objections, if any, of the Trustee and all interested parties with respect to such liens and claims.

2. The Trustee has articulated good and sufficient business reasons to support this Court's approval of entry of an Order (1) authorizing the Trustee to sell assets of the estate as described in the Sale Agreement, attached hereto as Exhibit A, subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief as set forth herein.

3. The Trustee is selling the real property "AS IS" and "WHERE IS", and "With All Faults" and without any claims, representations, warranties, or promises regarding the condition or the value of the assets included in the sale.

*Approved by Judge Morris Stern December 23, 2009*

| | |
|---|---|
| Debtor: | Mark H. Edelsberg |
| Case No: | 09-14769 |
| Caption of Order: | Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief. |
| Page: | 4 |

4. The condition or the value of the Premises included in the sale is without any and all express or implied warranties including, but not limited to, any implied warranties of fitness, habitability, or merchantability.

5. The entry of this Order is in the best interest of the Debtor and its estate, creditors and other stakeholders.

6. The Sale Agreement in substantially the form annexed hereto as Exhibit A, is fair, reasonable and appropriate for use as the form of real estate purchase agreement in connection with the sale of the Property.

7. The Purchaser is found to be a good faith purchaser in compliance with the requirements of the Bankruptcy Code and the standard set forth in In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986).

8. The fee of Hugh Turner and Mitchell Pierson Jr., Inc. (collectively "MP") as realtor to the Trustee has been earned and the realtor is entitled to a commission of 6% of the sale price to be paid at the sale closing.

9. The Trustee is authorized to pay the ordinary expenses and adjustments provided for in the Sale Agreement from the sale proceeds at closing.

10. The Trustee, subject to his review and due diligence of the Payoff Statement provided by Wells Fargo Bank, NA, shall pay the Mortgage obligations from the sale proceeds at closing.

*Approved by Judge Morris Stern December 23, 2009*

| | |
|---|---|
| Debtor: | Mark H. Edelsberg |
| Case No: | 09-14769 |
| Caption of Order: | Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief. |
| Page: | 5 |

11. Any non-debtor parties with interests in the Real Property who did not object, or who withdrew their objections to the Sale or the Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Those non-debtor parties with interests in the Real Property who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an interest.

12. The notice as set forth in the Trustee's application is hereby approved as to the method and form of notice of the sale hearing and due and timely notice of the Motion and an opportunity to object or be heard with respect to the Motion and the relief requested therein have been afforded to all interested and identifiable potentially interested persons and entities.

13. The requirements of Fed. R. Bankr. P. 6004(h) are hereby waived.

IT IS THEREFORE:

ORDERED that the Trustee has articulated good and sufficient business reasons to support this Court's approval of entry of an Order (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), attached hereto as Exhibit A, subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule

*Approved by Judge Morris Stern December  23, 2009*

| | |
|---|---|
| Debtor: | Mark H. Edelsberg |
| Case No: | 09-14769 |
| Caption of Order: | Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief. |
| Page: | 6 |

6004(h) upon approval of the sale; and (5) granting other related relief as set forth herein; and it is further

ORDERED that the Trustee is authorized to sell his rights, title and interest in Debtor's real estate located at 5388 Hamilton Point, Richmond, Ontario County, New York, 14471 (the "Property"), free and clear of all interests, claims, encumbrances and liens with any such interests, claims, encumbrances and liens to attach to the proceeds of the Property in the order of their priority, with the same validity, force and effect that they now have as against the Debtor's assets, subject to the rights, claims, defenses and objections, if any, of the Trustee and all interested parties with respect to such liens and claims: and it is further

ORDERED that the transaction contemplated herein is undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and the Purchaser shall be considered a good faith buyer and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code; and it is further

ORDERED that notwithstanding payment and satisfaction of any lien, claim, encumbrance or interest against the Real Property, the Trustee reserves his right to challenge the extent, validity and priority of such liens, claims, encumbrances and interests and to demand a return of any monies paid or disbursed to such lien, claim or encumbrance holder from the proceeds of the Sale under applicable law or to otherwise surcharge the property pursuant to 11 U.S.C. §506(c); and it is further

*Approved by Judge Morris Stern December 23, 2009*

| | |
|---|---|
| Debtor: | Mark H. Edelsberg |
| Case No: | 09-14769 |
| Caption of Order: | Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief. |
| Page: | 7 |

ORDERED that all objections to the Sale, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits; and it is further

ORDERED that those non-debtor parties with interests in the Real Property who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an interest; and it is further

ORDERED that the Sale Agreement in substantially the form annexed hereto as Exhibit A, is fair, reasonable and appropriate for use as the form of real estate purchase agreement in connection with the sale of the Property; and it is further

ORDERED that MP has earned a realtor commission of 6% of the purchase price as stated in the Sale Agreement and the Trustee is authorized to pay the real estate commission from the sale proceeds at the closing; and it is further;

ORDERED that the Trustee is authorized to pay the ordinary expenses and adjustments provided for in the Sale Agreement from the sale proceeds at closing; and it is further;

ORDERED that the Trustee, subject to his review and due diligence of the Payoff Statement provided by Wells Fargo Bank, NA, shall pay the Mortgage obligations from the sale proceeds at the closing; and it is further

*Approved by Judge Morris Stern December 23, 2009*

| | |
|---|---|
| Debtor: | Mark H. Edelsberg |
| Case No: | 09-14769 |
| Caption of Order: | Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 (1) authorizing the Trustee to sell certain of Debtor's real estate as described in the Agreement of Sale (the "Sale Agreement"), subject to higher and better offer, free and clear of interests, claims, encumbrances and liens, except as described in the Sale Agreement; (2) approving the sale of such assets; (3) approving the form of Sale Agreement; (4) waiving the ten (10) day period pursuant to Rule 6004(h) upon approval of the sale; and (5) granting other related relief. |
| Page: | 8 |

ORDERED that pursuant to 11 USC 363(j), the Trustee is authorized and directed to pay up to one half of the net proceeds of the sale, as that term is defined in 11 USC 363(j) to the Debtor's non-filing spouse, Sharon Edelsberg, with full reservation of rights of both the Estate and Sharon Edelsberg in connection with the pending matrimonial action; and it is further

ORDERED that the notice as set forth in the Trustee's application is hereby approved as to the method and form of notice of the sale hearing and due and timely notice of the Motion and an opportunity to object or be heard with respect to the Motion and the relief requested therein have been afforded to all interested and identifiable potentially interested persons and entities; and it is further

ORDERED that the requirements of Fed. R. Bankr. P. 6004(h) are hereby waived and this Order is NOT stayed until the expiration of 10 days after its entry; and it is further

ORDERED that the entry of this Order is in the best interest of the Debtor and its estate, creditors and other stakeholders; and it is further

ORDERED, that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

*Approved by Judge Morris Stern December 23, 2009*